UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20052-CR-SEITZ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

EDUARDO ANTONIO OLIVAR,        **REPORT AND RECOMMENDATION**

        Defendant.

_____/

On or about December 1, 2008, court-appointed defense counsel Glenn B. Kritzer ("Counsel") submitted a voucher application numbered FLS 08 1882 with appended time sheets requesting $9,660.06 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). In support of the voucher application, Counsel submitted detailed time sheets itemizing the time he spent in this matter. Counsel represented Defendant Eduardo Antonio Olivar ("Defendant") for approximately ten (10) months from his appointment on January 24, 2008 until December 2, 2008.

The $9,660.06 Counsel seeks as compensation exceeds the $7,800.00 statutory maximum allowed for representation in non-capital felony cases under the CJA.[1] United States District Court Judge Patricia Seitz entered an Order of Reference **[DE # 103]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

---

[1] The CJA statutory maximum in felony, non-capital cases recently increased to $7,800.00. This increase applies in this case because Counsel provided representation services on and after October 13, 2008.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); U.S. v. Griggs, 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "extended" or "complex" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. Id.

## DISCUSSION

### This Case Did Not Involve Complex or Extended Representation

Again, Counsel's request for compensation in the amount of $9,660.06 exceeds the $7,800.00 statutory maximum.[2] Under the Guidelines, if the amount of compensation sought exceeds the statutory maximum, I must first find that the representation was either complex or extended. Regarding the issue of whether this case involved complex representation, I have considered that although the indictment in this case contained ten counts, this matter did not proceed to trial because Defendant plead guilty.

Further, the legal and factual issues in this case were not unusual. Moreover, Counsel was not required to make numerous court appearances in this case. Having considered all of these facts, I conclude that this matter did not require the expenditure of more time, skill and effort by Counsel than would normally be required in an average case.

---

[2] Counsel seeks $430.00 for 4.3 in-court hours at $100/hour. The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. The Court defers to the CJA administrator to verify all in-court time and expense allowances. After verifying the in-court hours with the Court's minutes, the CJA administrator made no changes to the total amount claimed by Counsel for in-court hours.

The CJA administrator also reviewed the $8,800.00 Counsel billed for 88.0 out-of-court hours as follows: 33.9 hours for "Interviews and conferences"; 22.5 hours for "Obtaining and reviewing records"; 4.0 hours for "Legal research and brief writing", 21.6 hours for "Travel time" and 6.0 hours for "Investigative and other work." The CJA administrator made no changes to this amount claimed by Counsel on the voucher application.

Counsel sought $430.06 in "Travel expenses" in the voucher application. The CJA administrator adjusted this total to $315.51 and reallocated $108.55 to the category "Other expenses", making a small deduction of $6.00. The CJA administrator made this deduction because of a mathematical error made by Counsel with respect to his claimed parking expenses. I have reviewed the CJA administrator's corrections in this regard and I approve the changes to be reasonable. As adjusted, the corrected total of the monies sought by Counsel in the voucher application therefore is $9,654.06.

Accordingly, I find that this case cannot be considered complex.

The second factor which would allow the Court to certify compensation in an amount in excess of the statutory maximum - that representation in this case was extended - is also not met here. Defendant made his initial appearance on January 18, 2008. Counsel was appointed on January 24, 2008. Counsel plead guilty on August 5, 2008 and was sentenced on December 1, 2008. Although this case lasted for ten months, there were numerous motions to continue the trial and sentencing which extended the litigation of this matter. This case did not require more time for processing than the average case and, as a result, this case cannot properly be considered extended.

## CONCLUSION

I have reviewed all of the entries listed on the time sheets and the total time claimed by Counsel for each of the task categories. Based upon my review of the time sheets submitted by Mr. Kritzer, the docket and filings in this case, I conclude that Counsel is entitled to the statutory maximum of $7,800.00 established under the CJA. As I explained above, however, because the representation in this case was neither complex nor extended, Counsel is not entitled to reimbursement in excess of the statutory maximum. Consequently, I will not undertake a detailed discussion and analysis of each task listed in Counsel's fee voucher at this time.

I commend Mr. Kritzer for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. As I have often quoted, when deemed appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). Accordingly, I hereby **RECOMMEND** that Counsel be paid a total of $8,224.06 ($7,800.00

for both in-court and out-of-court hours, $315.51 for travel expenses and $108.55 for other expenses) as fair and final compensation for his work on this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have ten (10) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this ___17___ day of March, 2009.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Glenn B. Kritzer, Esq.
Lucy Lara, CJA administrator